Colcock, J,
delivered the opinion of the Court.
No rule of pleading is better established, than that the plaintiff must set forth all that is necessary to enable him to recover. It is, therefore, well established, that in declaring upon penal statutes, where there is an exception in the enacting clause, the plaintiff must shew that the defendant is not within the exception. If the exception be in another and subsequent clause, then it is matter of defence, and the other party must shew it to exempt himself from the penalty. 1 Ch: PI: 229. The very clause of the act 'which imposes this penalty, provides “ that nothing therein contained, shall be construed to compel any sheriff or coroner to return any execution lodged in their offices expressly to bind property, and so marked by the persons lodging the same.”
It was, therefore, necessary for the plaintiff to state that these executions had not been lodged to bind. But the declaration contains no such averment. It states that executions were lodged, requiring the sheriff, of the goods and chattels, &c. of the defendant, to make the money, and return the execution, &c. following the usual form of an execution; but this is to be found in all executions, as well in those which are lodged to bind, as those which are lodged to be proceeded on. Therefore, they may still have been executions which were lodged to bind ; in which case, the duty is not required, and, consequently, the penalty cannot attach. This may appear to be mere technical strictness, but it is a wise and proper rule of pleading; for he who undertakes to recover a penalty, should shew that the law has been violated, for in that event alone, does the penalty attach. The case of the King v. Pratten 6 T. R. 559, is directly in point. This was a prosecution for buying rough hides contrary to the statute, 1. James 1. c. 23. which contains an exception of those who have been instructed in the art of tanning. This exception was *20 not negatived, and therefore, the prosecution was dismissed. A , , m similar decision was made m the case of Spieres v. Parker, 1 T. R. 141, which was an action of debt for a penalty. And so in the case of Rex v. Jarvis, 1 East, 645, which was an information for an offence against the game laws, it was held that the defendant’s qualifications ought to have been negatived. As this ground proves fatal to the plaintiff’s action, it is unnecessary to give any opinion as to the others.
Motion refused.